IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALICIA BRYANT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 3:23-CV-00015 |
| | ) | |
| **VIRGINIA EMPLOYMENT COMMISSION** | ) | |
| | ) | By: Robert S. Ballou |
| | ) | United States District Judge |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Alicia Bryant, proceeding *pro se*, filed this action against the Virginia Employment Commission claiming an entitlement to unpaid unemployment benefits. Dkt. 2. Bryant also filed a motion for leave to proceed *in forma pauperis*, Dkt. 1, but because she has not alleged facts to invoke the Court's subject matter jurisdiction, I **DISMISS** this action without prejudice.

I review this action under 28 U.S.C. § 1915(e), which requires a court to dismiss a complaint *sua sponte* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or is against a party which is immune from suit. I conclude that the complaint is subject to dismissal because Bryant has not met her burden to plead adequate facts to show that the Court has jurisdiction. See Evans v. B.F. Perkins Co., 166 F.3d 642, 646 (4th Cir. 1999). In her complaint, Ms. Bryant requests that the court "award [her] the payments [she] never received on [her] unemployment case." Dkt. 1 at 4. She states that the Court has subject matter jurisdiction over her claim because the Virginia Election Commission is a government defendant. Id. at 2.[1] Bryant checked on the Civil Cover Sheet filed with the complaint that she based jurisdiction on

---

[1] The Virginia Employment Commission is an agency of the Commonwealth of Virginia charged with the administration of the provisions of Title 60.2 of the Code of Virginia. See Va. Code § 60.2-111(A).

1

the fact that the defendant is the United States Government, but, of course, the Virginia Employment Commission is an agency of the Commonwealth of Virginia and not of the United States.

When reviewing a case filed by a plaintiff proceeding *pro se*, the Court must liberally construe the complaint. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The *in forma pauperis* statute, 28 U.S.C. § 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989); 28 U.S.C. § 1915. The statute allows federal courts to waive prepayment of fees and "issue and serve all process, and perform all duties." 28 U.S.C. §§ 1915(a), (d).

As a threshold matter, this Court may evaluate the basis for subject matter jurisdiction at any time during the pendency of an action. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)). The Fourth Circuit recently expounded on this proposition, stating that "it is incumbent on a court to evaluate its jurisdiction at the outset, lest it inadvertently breach the 'bounds of authorized judicial action.'" Hensley v. City of Charlotte, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023) (quoting Steel Co., 546 U.S. at 94). Further, the Federal Rules of Civil Procedure mandate that the court dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. Proc. 12(h)(3). The plaintiff bears the burden of establishing subject matter jurisdiction. See Demetres v. East West Constr., Inc., 776 F.3d 271, 272 (4th Cir. 2015).

This Court is one of limited jurisdiction, possessing "only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). In this action, the court may exercise jurisdiction through one of only two avenues: federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. Under federal question jurisdiction, the court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, the Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. This Court also has jurisdiction over certain actions initiated against the United States, but those instances do not apply to the claim Bryant attempts to assert. See 28 U.S.C. § 1346.

Bryant has not met her burden to assert a valid basis for the Court's jurisdiction. She has not identified any claim arising under the Constitution or federal laws and does not state a basis for diversity jurisdiction. Ms. Bryant's complaint requests that the Court "award [her] the payments [she] never received" from her Virginia unemployment benefits. Dkt. 2 at 4. In an attached statement of facts, Ms. Bryant alleges that the Commission found her eligible to receive unemployment during the COVID-19 pandemic, but that she has received no payments to date. Dkt. 2-1 at 1–2. Under the well-pleaded complaint rule, the existence of a federal question must appear on the face of a plaintiff's properly pleaded complaint. Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 270 (4th Cir. 2001). She does not plead the violation of any federal law. Even construed liberally, nowhere in Ms. Bryant's filings does she identify a constitutional right or federal law under which her claim for relief arises. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Without identification of the federal question, or at least factual allegations that hint at a federal question, the Court cannot exercise federal question jurisdiction over Ms. Bryant's

3

claim because she does not meet her burden to demonstrate that it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court does not have diversity jurisdiction over this action. Ms. Bryant alleges that she is entitled to a total of $3,214 in unpaid benefits—well short of the $75,000 minimum amount-in-controversy requirement necessary for the Court to exercise diversity jurisdiction. See 28 U.S.C. § 1332(a). Further, Ms. Bryant does not meet the diversity of citizenship requirement because she and the Virginia Election Commission are not citizens of different states. 28 U.S.C. § 1332(a)(1).

For the reasons stated above, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. It follows that the motion to proceed *in forma pauperis* is **DENIED** as moot.

It is so **ORDERED**.

Entered:  April 17, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge